# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MAMADOU OURY DIALLO,

     Petitioner,

     v.

KEVIN RAYCRAFT, Acting Director of
Enforcement and Removal Operations,
Detroit Field Office, Immigration and
Customs Enforcement, et al.,

     Respondents.

Case No. 1:26-CV-423

Judge Michael R. Barrett

**ORDER**

Petitioner Mamadou Oury Diallo brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] In order to preserve its jurisdiction, and pursuant to its authority under the All Writs Act, the Court **ORDERS** that Respondents shall neither remove Petitioner from this District nor allow him to be removed from this District unless or until the Court orders otherwise.[2] *See* 28 U.S.C. § 1651(a). This order should not be construed as an expression of the Court's views on the merits of this matter. *See Wheaton Coll. v. Burwell*, 573 U.S. 958, 959 (2014).

The Clerk is **DIRECTED** to immediately provide a copy of the petition and its accompanying papers, along with a copy of this order, by email to John J. Stark on behalf of the United States Attorney's Office for the Southern District of Ohio at

---

[1] According to public records and Diallo's petition, he is being held at the Butler County Jail on behalf of federal immigration authorities. Thus, the Court properly exercises jurisdiction over this matter. *See* 28 U.S.C. § 2241(c).

[2] The Court's directive applies with equal force to any individual, group, or entity working in concert with or on behalf of Respondents.

1

john.stark@usdoj.gov. The Clerk is **further DIRECTED** to promptly note proof of such service on the docket.

It is **further ORDERED** that Respondents shall file a return writ and response within five (5) days of the date of service. In preparing a response, Respondents shall address any issues of fact that must be resolved and report whether Petitioner was previously released or paroled into the United States by immigration officials. If Petitioner was previously released or paroled into the United States, Respondents shall indicate the statutory basis for that release or parole in their response.[3] Failure to abide by the Court's instructions may result in a summary order granting the relief requested by Petitioner.

It is **further ORDERED** that, if Petitioner elects to file a reply, Petitioner may do so no later than five (5) days after service of a responsive filing. The Court will schedule a hearing, if necessary, after the parties have filed their respective submissions.

**IT IS SO ORDERED.**

_____
Michael R. Barrett
United States District Judge

---

[3] In such a case, Respondents shall provide copies of the relevant documents that show the statutory basis for Petitioner's release or parole, as well as any conditions imposed upon Petitioner during that time. If Respondents are unable to provide these documents, they must provide a written explanation as to why they are unable to do so.