**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MAMADOU OURY DIALLO, | |
| Petitioner, | |
| v. | Case No. 1:26-CV-423 |
| | Judge Michael R. Barrett |
| KEVIN RAYCRAFT, Acting Director of Enforcement and Removal Operations, Detroit Field Office, Immigration and Customs Enforcement, et al., | **ORDER** |
| Respondents. | |

This matter is before the Court on Petitioner Mamadou Oury Diallo's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Doc. 1). Respondents have filed a return and response in opposition. (Doc. 4).

## I.    FACTUAL BACKGROUND

Petitioner, a citizen of Guinea, entered the United States in March 2023. (Doc. 1, PageID 1). He was taken into custody near San Luis, Arizona, and then released on his own recognizance after receiving a notice to appear for removal proceedings. (*Id.*). In January 2024, Petitioner applied for asylum and withholding of removal, alleging that he would be subject to persecution if returned to his country of origin. However, in April 2024, an Immigration Judge ("IJ") sustained the charge of removability and designated Guinea as the country of removal. (*Id.*, PageID 2).

1

At a regularly scheduled check-in with Immigration and Customs Enforcement ("ICE") on December 17, 2025, Petitioner was taken into custody. He remains in detention at the Butler County Jail in Hamilton, Ohio. (*Id.*). The instant petition followed on April 29, 2026, with Petitioner arguing that his ongoing detention without a bond hearing violates both the Fifth Amendment and the Immigration and Nationality Act of 1952. Petitioner also alleges that treatment for previously diagnosed psychiatric conditions has been withheld from him through the duration of his detention, in violation of the Eighth Amendment. (*Id.*, PageID 12-14).

Petitioner seeks immediate release from custody, or, in the alternative, a constitutionally adequate custody redetermination hearing before an IJ. Respondents counter that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), and his detention does not violate his due process rights.

## II.  CONTROLLING LAW & ANALYSIS

As Respondents note, the undersigned has already found in substantially similar cases that (1) Respondents' novel and overly broad interpretation of § 1225(b) is flawed; and (2) a Petitioner's detention under the mandatory detention framework violates the Due Process Clause of the Fifth Amendment. (Doc. 4, PageID 243-44) ("Respondents acknowledge that this Court's prior decisions will control the result here . . . as the facts presented in this action are not materially distinguishable for purposes of the Court's prior decisions on these issues."). The Court finds again, for the reasons stated in prior opinions, that Petitioner's continued detention is unlawful in the absence of an individualized, constitutionally adequate custody

redetermination hearing. *See Azalyar v. Raycraft*, ___ F.Supp.3d ___, No. 1:25-CV-916, 2026 U.S. Dist. LEXIS 3705 (S.D. Ohio Jan. 2, 2026); *Ortiz Gutierrez v. Raycraft*, ___ F.Supp.3d ___, No. 1:26-CV-69, 2026 U.S. Dist. LEXIS 32801 (S.D. Ohio Feb. 18, 2026); *Garcia Gonzales v. Raycraft*, No. 1:26-CV-112, 2026 U.S. Dist. LEXIS 35094 (S.D. Ohio Feb. 20, 2026); *Wali v. Raycraft*, No. 1:26-CV-145, 2026 U.S. Dist. LEXIS 36339 (S.D. Ohio Feb. 23, 2026).

## III.   CONCLUSION

Accordingly, the petition for a writ of habeas corpus, (Doc. 1), is **GRANTED**.

**IT IS ORDERED** that, on or before May 12, 2026, at 5:00 p.m. EDT, Respondents **shall** either release Petitioner from custody *or* provide Petitioner with a constitutionally adequate bond hearing before an IJ. In the event of the latter:

> **(1)** Respondents **shall** provide a copy of this order to the IJ prior to any hearing;
>
> **(2)** the IJ **shall** have jurisdiction over the matter and be empowered to grant bond. *See Ortiz Gutierrez*, 2026 U.S. Dist. LEXIS 32801, at *5-9;
>
> **(3)** Respondents **shall** *bear the burden of persuasion* of justifying Petitioner's continued detention and adduce *clear and convincing evidence* on the record that Petitioner is a danger to the community. *See Black v. Decker*, 103 F.4th 133, 155 (1st Cir. 2024), *reh'g en banc denied*; *Soto-Medina v. Lynch*, No. 1:25-CV-1704, 2026 U.S. Dist. LEXIS 11113, at *12-27 (W.D. Mich. Jan. 21, 2026); and
>
> **(4)** the IJ **shall** consider, and explain, whether less restrictive alternatives to detention can reasonably address the government's interest, as well as Petitioner's "ability to pay when setting any bond amount." *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 U.S. Dist. LEXIS 204541, at *20 (S.D.N.Y. Oct. 16, 2025).

**IT IS FURTHER ORDERED** that Respondents **shall** file a status report within one (1) business day following the above deadline to certify compliance with the Court's ruling. The certification shall note whether and when a bond hearing was held, whether bond was granted or denied, and the reasons therefore.

The Court retains jurisdiction to enforce this grant of relief, *see Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010), and adjudicate any timely fee petitions filed under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**IT IS SO ORDERED.**

Michael R. Barrett
United States District Judge