# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MAMADOU OURY DIALLO,

    Petitioner,

    v.

KEVIN RAYCRAFT, Acting Director of
Enforcement and Removal Operations,
Detroit Field Office, Immigration and
Customs Enforcement, et al.,

    Respondents.

Case No. 1:26-CV-423

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on the notice of non-compliance filed by Petitioner Mamadou Oury Diallo, (Doc. 6), and the opposition brief filed by Respondents Kevin Raycraft, Acting Director of Enforcement and Removal Operations, Detroit Field Office, Immigration and Customs Enforcement; Markwayne Mullin, Secretary of Homeland Security; and Todd Blanche, Acting Attorney General, (Doc. 8). The Court previously granted habeas relief under 28 U.S.C. § 2241 and ordered Respondents to either release Petitioner from custody or provide him with a constitutionally adequate bond hearing before an Immigration Judge ("IJ"). (Doc. 5, PageID 248). Although Respondents provided a custody determination hearing for Petitioner within the time allotted, Petitioner contends that it was devoid of the constitutional safeguards clearly mandated by the Court. (Doc. 6, PageID 252).

1

According to Petitioner, counsel for the Department of Homeland Security ("DHS") "continued to maintain that the [IJ] lacked jurisdiction to grant bond, notwithstanding this Court's order," and argued "that Petitioner constituted [a] flight risk because he allegedly missed a reporting requirement in January 2025 while enrolled in the Alternative to Detention Program." (*Id.*, PageID 251). Petitioner also alleges that "DHS submitted documentary evidence during the hearing itself without providing advance disclosure to either Petitioner or [his] counsel, depriving Petitioner of a meaningful opportunity to review or rebut the evidence relied upon to justify his continued detention." (*Id.*).

Petitioner appears to have put forth numerous arguments in opposition, ultimately asserting that "even assuming arguendo the [IJ] believed some risk of nonappearance existed, the Government failed to establish by clear and convincing evidence that continued detention was necessary when multiple less restrictive alternatives were available." (*Id.*, PageID 252). Counsel for Petitioner also "raised grave concerns regarding Petitioner's mental health and competency," and alleges that DHS did not comply with a prior order that "Petitioner undergo a mental health evaluation," instead submitting only "a brief two-page report prepared by the social worker rather than a psychiatrist, psychologist, or physician qualified to conduct a competency-related evaluation in a case involving schizophrenia, hallucinations, and bipolar disorder." (*Id.*, PageID 253). Nevertheless, the IJ denied bond in a two-sentence order, concluding "THE COURT FINDS THE RESPONDENT TO BE A

FLIGHT RISK. THE RESPONDENT WAS PLACED ON ATD PRIOR AND FAILED TO COMPLY." (*Id.*, PageID 263).

"In the context of an immigration bond hearing, district courts have jurisdiction to review [an] Immigration Judge's discretionary bond denial only 'where that bond denial is challenged as legally erroneous or unconstitutional.'" *Diaz-Calderon v. Barr*, 535 F.Supp.3d 669, 676 (E.D. Mich. 2020) (quoting *Lopez Reyes v. Bonnar*, 362 F.Supp.3d 762 772-73 (N.D. Cal. 2019)); *see Hechavarria v. Whitaker*, 368 F.Supp.3d 227, 240 (W.D.N.Y. 2019) (explaining that "a challenge may be based on the contention that the decisionmaker erred because the evidence itself could not—as a matter of law—have supported the adjudicator's position," or "it may be clear from the adjudicator's opinion itself that he simply did not apply the correct standard to the facts."). Because that is the case here, and because federal courts possess continuing jurisdiction to enforce grants of habeas relief, *see Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010), the Court is satisfied of its own jurisdiction.

Petitioner's May 11 custody redetermination hearing appears to have fallen woefully short of constitutional adequacy or even partial compliance with the Court's grant of habeas relief. First, the Court ordered that "the IJ **shall** have jurisdiction over the matter and be empowered to grant bond." (Doc. 5, PageID 248) (internal quotations omitted). And although the Court's affirmative mandate should have been reason enough for DHS counsel to cease arguing that the IJ lacked jurisdiction over the matter, the Sixth Circuit's opinion in *Lopez-Campos v. Raycraft* now leaves no room for doubt. No. 25-1965, ___ F.4th ___, 2026 U.S. App. LEXIS 13519, at *38-39

3

(6th Cir. May 11, 2026) ("our understanding of § 1225(b)(2)(A)'s scope ensures that noncitizens like Petitioners should have a forum to explain that their backgrounds and connections to their communities justify release on bond while they undergo their removal proceedings.").

Also in its order of May 6, the Court instructed that "Respondents **shall** *bear the burden of persuasion* of justifying Petitioner's continued detention and adduce *clear and convincing evidence* on the record that Petitioner is a danger to the community,"[1] and "the IJ **shall** consider, and explain, whether less restrictive alternatives to detention can reasonably address the government's interest, as well as Petitioner's ability to pay when setting any bond amount." (Doc. 5, PageID 248). But the IJ's summary order makes no mention of that burden, nor does it broach the subject of less restrictive alternatives to detention or explain the finding of flight risk beyond a reference to a single missed ATD check-in over one year ago (after which Petitioner continued to check in as required and even updated his address with authorities).

Respondents contend that Petitioner now asks the Court to impermissibly reweigh evidence; they argue that "[a] fair reading of the Immigration Judge's position is that less restrictive alternatives were deemed to be inadequate because Petitioner had previously been placed on such less-restrictive conditions and had

---

[1] Because there was no indication Respondents would attempt to argue that Petitioner must remain in custody because he is a flight risk, the Court did not feel it necessary to repeat its previous holding (and that of numerous other courts) that "[t]here exists no automatic presumption of flight risk or danger to the community assigned to a Petitioner held pursuant to § 1226(a), and in general, the Supreme Court has held that the clear and convincing standard applies to civil detention where liberty is at stake." *Garcia Gonzales v. Raycraft*, No. 1:26-CV-112, 2026 U.S. Dist. LEXIS 44369, at *2 n.1 (S.D. Ohio Mar. 4, 2026) (cleaned up).

4

failed to comply." (Doc. 8, PageID 278). But a fair reading leads to no such conclusion, and Petitioner's current detention only reflects *Respondents*' position. Although the Court understands that IJ custody orders are typically brief, that does not overcome the explicit noncompliance with the Court's instructions in its grant of habeas relief.

A presumption of regularity is inapplicable if the proceedings, on their face, clearly reflect that DHS did not bear the appropriate burden of persuasion or that the IJ did not meaningfully considered less restrictive alternatives to detention.[2] And "[t]his lack of explanation or reasoning deprives the Court of a meaningful opportunity" to ensure that its grant of habeas relief was respected. *Zacarias v. Mullin*, No. 26-CV-574, 2026 U.S. Dist. LEXIS 89039, at *12-13 (D. Colo. Apr. 22, 2026). Accordingly, **IT IS ORDERED** that, on or before May 26, 2026, at 5:00 p.m. EDT, Respondents **shall** either release Petitioner from custody *or* provide Petitioner with a constitutionally adequate bond hearing before an IJ. In the event of the latter:

> **(1)** Respondents **shall** provide a copy of this order to the IJ prior to any hearing;
> **(2)** the IJ **shall** have jurisdiction over the matter and be empowered to grant bond. *See Lopez-Campos v. Raycraft*, 2026 U.S. App. LEXIS 13519, at *37-38;
> **(3)** Respondents **shall** *bear the burden of persuasion* of justifying Petitioner's continued detention by adducing *clear and convincing evidence* on the record that Petitioner is either a flight risk or a danger to the community;

---

[2] Respondents point out the Court's finding in a previous case that it "cannot second-guess the IJ's discretionary weighing of evidence, particularly when the justification for the IJ's decision is clearly gleaned from the record and does not demonstrate a constitutional defect." *Gutierrez v. Raycraft*, No. 1:26-CV-69, 2026 U.S. Dist. LEXIS 39752, at *3 (S.D. Ohio Feb. 26, 2026). And while that may have been true under the circumstances of that case, this matter is clearly distinguishable on account of a likely constitutional defect and the possibility that the summarily stated justification categorically cannot demonstrate flight risk by clear and convincing evidence.

**(4)** the IJ **shall** consider the evidence submitted by Petitioner, carefully weigh the nine relevant factors from *Matter of Guerra*, 24 I.&N. Dec. 37, 50 (B.I.A. 2006), and clearly explain all legal and factual conclusions; and

**(5)** the IJ **shall** consider, *and explain*, whether less restrictive alternatives to detention can reasonably address the government's interest, as well as Petitioner's "ability to pay when setting any bond amount." *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 U.S. Dist. LEXIS 204541, at *20 (S.D.N.Y. Oct. 16, 2025).

**IT IS FURTHER ORDERED** that Respondents **shall** file a status report within one (1) business day following the above deadline to certify compliance with the Court's ruling. The certification shall note whether and when a bond hearing was held, whether bond was granted or denied, and the reasons therefore.

**IT IS SO ORDERED.**

    */s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge

6